UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                            Chapter 11

APART NORTH AMERICA, INC.,                        Case No.: 11-

                Debtor.
-----------------------------------------------------------x

## CERTIFICATION PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

Murat Goker certifies as follows:

1. I am the President of APART North America, Inc. ("the Debtor"). The CEO of the Debtor is Francesco Cardoletti. I am fully familiar with the facts set forth herein, and am authorized to make this certification, on behalf of the Debtor.

2. The Debtor is in the women's apparel business. On or around April 8, 2009 the Debtor entered in an Authorised Dealer Agreement (the "Agreement") pursuant to which the Debtor has the exclusive right to offer for sale goods designed and manufactured by APART International GmbH, a German corporation ("AI").

3. The Debtor's economic problems, which lead to the commencement of this Chapter 11 case, were caused by AI's failure to deliver goods on time, which cut its $450,000 of wholesale orders for Summer Season 2011 season down to under $200,000. To exacerbate the Debtor's economic problems, AI then shipped additional unordered goods to the Debtor, and due to the Debtor's logistical incapability, this caused it to incur to additional inventory charges and an additional $100,000 in taxes and duties. Additionally, AI was not consistent with the product quality, presentation and product development expected as an obligation under the distribution

1

agreement; resulting in a loss of wholesale orders for Fall Season 2011 from the anticipated orders of $600,000, based upon sales in fall, 2010, to actual sales of $40,000.

4. To make matters worse, without the Debtor's knowledge, on July 15, 2011 AI filed an insolvency proceeding in Germany. On July 1, 2011 a representative of AI informed the Debtor that AI was in high risk of insolvency discussions, but promised to inform the Debtor in advance of such filings. However, AI never informed the Debtor of its filing an insolvency proceeding, and the Debtor found out about this through a third party on July 18, 2011, 3 days after the filing, despite the request for an advance notice. This leaves the Debtor without any product to sell in the Fall of 2011, not even the $40,000 described in paragraph 3, supra.

5. No pre-petition committee was organized prior to the order for relief.

6. The Debtor has no secured creditors.

7. A summary of the Debtor's assets and liabilities will be set forth on the summary of schedules annexed to the petition.

8. The names and addresses of the twenty largest unsecured creditors, excluding insiders, appear on Schedule F of the Chapter 11 Petition.

9. To the best of my knowledge, the only action or proceeding pending against the Debtor is entitled MC2 Model Management v. APART North America Index No. 60626 SCNY 2011 pending in the Civil Court of the State of New York, County of New York.

10. To the best of my knowledge, the Debtor's assets are not in the possession and control of any receiver.

11. The Debtor maintains its principal place of business at 253 West 28th Street, 4th Floor, New York, New York 10001.

12. The Debtor's principal assets are located at 253 West 28th Street, 4th Floor, New York, New York 10001.

13. The purpose of filing this petition is to preserve the assets of the Debtor for the benefit of the creditors and equity holders, and to preserve priorities of creditors, and rehabilitate the business. The Debtor hopes to be able to file a plan of reorganization in this case.

14. The Debtor's senior management consists of me and Francesco Cardoletti.

15. The estimated amount of payroll due to the Debtor's employees, exclusive of officers, for a period of thirty days following the filing of the petition is $25,000.00.

16. No salaries are currently being paid by the Debtor to its officers.

17. The estimated revenues and additional operating expense of the Debtor for the next thirty days are as follows:

**INCOME**
Income    $76,000.00

**EXPENSES**    $81.000.00

18. The Debtor has made no public offering of its securities and no securities issued by the Debtor are publicly held.

Dated: New York, New York
July 29, 2011

              _____
              Murat Goker, as President